UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANGELO REYNOLDS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRYCE BROWNING, et al., )<br>)<br>Defendants. ) | No. 2:25-cv-00168-JPH-MG |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Angelo Reynolds is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action under 42 U.S.C. § 1983, which originally alleged 25 purported causes of action against 26 defendants. Dkt. 1. The Court screened and dismissed the original complaint for violating Federal Rules of Civil Procedure 18 and 20 but gave Mr. Reynolds the opportunity to file an amended complaint. Dkt. 15. He has done so. Dkt. 16. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Reynolds attached 66 pages of exhibits to his amended complaint. Although the Court may consider documents attached to a complaint, it is a plaintiff's burden to plead a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). These exhibits appear to be evidence in support of the claims alleged in his amended complaint. To consider the exhibits at this point would circumvent the "simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure and impose an unjustified burden on the Court. The Court will not sift through these documents and try to discern their potential relevance at the pleading stage. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

Mr. Reynolds's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The amended complaint names as defendants (1) Officer Bryce Browning; (2) former Wabash

Valley Warden Frank Vanihel; (3) Sgt. Everado Angeles-Mora; (4) John Allen; (5) Lt. Timothy[1] Leffler; (6) Centurion Health; (7) John VanVleet; (8) Dr. Samuel Byrd; (9) Officer Jane Tomas; (10) Sara Bedwell; and (11) Nurse Makayla Willis.

Between May 31 and October 23, 2024, Mr. Reynolds was housed in Wabash Valley's SCU. During that time, Mr. Reynolds filed several grievances about conditions in the SCU. Lt. Leffler called Mr. Reynolds a "snitch" in front of other inmates and encouraged them to throw feces and hot water on him. Mr. Reynolds also communicated in writing to Warden Vanihel about Lt. Leffler's statements but received no response. Mr. Allen and Mr. VanVleet, internal affairs officers at Wabash Valley, also failed to respond to Mr. Reynolds's complaints and threats against him.

Two days after being released back into general population, two inmates attacked Mr. Reynolds, including stabbing him in the face. Officer Browning did not attempt to intervene in this assault; instead, he called an emergency signal that erroneously directed Wabash Valley personnel to the other side of the prison. Lt. Leffler and Sgt. Angeles-Mora eventually came to take Mr. Reynolds to medical after cuffing him. While taking him there, Lt. Leffler joked that Mr. Reynolds had been "fucked up good," and "that didn't take long," and that's what Mr. Reynolds deserved "for putting all them grievances in on him." Dkt. 16 at 2.

When he arrived at medical, Nurse Willis apologized for medical being confused because of Officer Browning's incorrect emergency signal. Nurse Willis and Dr. Byrd treated Mr. Reynolds's open cheek wound by, among other things,

---

[1] Mr. Reynolds originally indicated that Lt. Leffler's first name was John.

3

attempting to stitch it closed. However, even though the wound continued bleeding profusely, Dr. Byrd refused to provide any more treatment and told Mr. Reynolds that the wound should heal on its own. Lt. Leffler and Sgt. Angeles-Mora then escorted Mr. Reynolds back to his cell, with Lt. Leffler apparently joking about the fact that Mr. Reynolds's face wound was still bleeding.

After being in his cell for about an hour and still bleeding profusely from his face and mouth, Mr. Reynolds was beginning to feel dizzy. Mr. Reynolds's cellmate repeatedly attempted to get Officer Tomas to seek additional medical attention for Mr. Reynolds, but she refused, even though she saw the profuse bleeding. Eventually, Mr. Reynolds lost consciousness, falling and hitting his head on the ground. Even after Officer Tomas and Officer Browning saw Mr. Reynolds on the ground unconscious, they did not attempt to get additional medical treatment for him. Mr. Reynolds's cellmate had to call the Wabash Valley tipline asking for medical assistance. Sgt. Angeles-Mora then immediately came and called for medical assistance after seeing Mr. Reynolds. After Mr. Reynolds regained consciousness and after cuffing him and threatening to spray him with mace if he did stop fighting back, Officer Browning, Sgt. Angeles-Mora, and a third officer took Mr. Reynolds to a unit medical room.

The nurse in the unit medical room directed that Mr. Reynolds be taken to the main medical office, where Dr. Byrd, Nurse Willis, and Ms. Bedwell were present. Nurse Willis was instructed, presumably by Dr. Byrd, to start Mr. Reynolds on an IV, remove the poorly-done stitches, and pack the face wound

4

with gauze. Mr. Reynolds then had to be taken to an outside hospital, where he received adequate treatment of his face wound.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Mr. Reynolds has not identified any policy, practice, or custom of Centurion's that caused him injury. All claims against Centurion **are dismissed**.

Second, "individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a

5

subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Here, there are insufficient allegations that either Ms. Bedwell or Sgt. Angeles-Mora personally engaged in any conduct that harmed Mr. Reynolds. At most, Ms. Bedwell was present when Mr. Reynolds was being treated the second time by Dr. Byrd and Nurse Willis. As for Sgt. Angeles-Mora, he was the officer who eventually and speedily sought medical attention for Mr. Reynolds when he passed out in his cell. Sgt. Angelo-Mora also was present and assisting on some occasions when escorting Mr. Reynolds back and forth to his cell, but there are insufficient allegations that Sgt. Angeles-Mora engaged in any unconstitutional conduct on those occasions. All claims against Ms. Bedwell and Sgt. Angeles-Mora **are dismissed**.

Third, negligence is not sufficient to support a § 1983 claim based on alleged deliberate indifference in violation of the Eighth Amendment. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.") (cleaned up). The allegations against Nurse Willis are that she did a poor job attempting to stitch up his face wound. This alleges, at most, negligence on her part, which is insufficient to state an Eighth Amendment claim. Also, the allegations indicate that Dr. Byrd, not Nurse Willis, had the final say on whether

6

Mr. Reynolds required more or better medical treatment when he was sent back to his cell. All claims against Nurse Willis **are dismissed**.

The claims that **shall proceed** are the following:

- First Amendment retaliation claims against Lt. Leffler.

- Eighth Amendment deliberate indifference to safety claims against Lt. Leffler for calling Mr. Reynolds a "snitch" in front of other inmates.

- Eighth Amendment failure-to-protect claims against Lt. Leffler, former Warden Vanihel, Mr. Allen, and Mr. VanVleet.

- Eighth Amendment deliberate indifference to safety claims against Officer Browning for failing to take action to stop the assault on Mr. Reynolds.

- Eighth Amendment deliberate indifference to medical needs claims against Officer Browning, Officer Tomas, and Dr. Byrd.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 2, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The **clerk is directed** to terminate Everado Angeles-Mora, Makayla Willis, Jane Bedwell, Centurion Health, John Fischer, Richard Yarber, Jane Wadhwan, Natash English, Ashely Moseley, John Mallot, John Pickett, John Dugger, Michael Ellis, John Hiatt, John Payne, Jane Riggs, Jane Moody, John Gilstrap,

and Jane Meeks as defendants on the docket. The **clerk is directed** to change the name of defendant "John Leffler" to "Timothy Leffler."

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Timothy Leffler, Frank Vanihel, John Allen, John VanVleet, Bryce Browning, Jane Tomas, and Dr. Samuel Byrd in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on November 18, 2025, dkt. [16], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendant Dr. Byrd is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 2/9/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
    Officer Bryce Browning
    Lt. Timothy Leffler
    John Allen
    John VanVleet
    Officer Jane Tomas
    Former Warden Frank Vanihel
    (All at Wabash Valley Correctional Facility)

Electronic service to Centurion
    Dr. Samuel Byrd

ANGELO REYNOLDS
228386
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838